

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| **VS.** § | **CASE NO. 1:02-CR-175(4)** |
| § | |
| **KOCATATIE THOMPSON** § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that the defendant, Kocatatie Thompson, violated conditions of supervised release imposed by United States District Judge Ron Clark. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #396) requesting the revocation of the defendant's supervised release. The Court conducted a hearing on February 25, 2021, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

1

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

    a.    That the defendant, after consultation with counsel of record, has knowingly, freely, and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

    b.    That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On January 27, 2004, The Honorable Ron Clark of the Eastern District of Texas sentenced the defendant after he pled guilty to the offenses Count 6: Possession with Intent to Distribute 50 Grams or More of Cocaine Base, and Count 9: Carrying a Firearm During a Drug Trafficking Crime; both Class A felonies. Judge Clark sentenced Kocatatie Thompson to 120 months imprisonment as to Count 6, and 60 months as to Count 9, to be served consecutively for a total sentence of 180 months, followed by concurrent 5 year terms of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, drug abuse and mental health aftercare, no contact with his codefendants, 120 days community confinement, and a $200 special assessment. On February 19, 2016, Kocatatie Thompson completed his

period of imprisonment and began service of the initial supervision term in this case.

On March 6, 2018, this criminal proceeding was reassigned to the docket of United States District Judge Marcia A. Crone. On April 12, 2018, the Court revoked Mr. Thompson's original term of supervision. He was ultimately sentenced to five (5) months imprisonment on the revocation, followed by an additional two (2) year term of supervised release, subject to the same standard and prior special conditions of release. On August 3, 2018, Kocatatie Thompson completed his period of imprisonment and began service of the instant term of supervised release.

### B. Allegations in Petition

The United States Probation Office alleges that the defendant violated a special condition of his supervision as follows:

*The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.*

On August 28, 2018, Mr. Thompson failed to submit a urine specimen a directed as part of a random drug testing program.

### C. Evidence presented at Hearing:

At the hearing, the Government proffered the following evidence in support of the allegation in the petition. The Government would establish that the defendant previously had his initial term of supervision revoked. For the revocation, the District Court sentenced him to a new term of supervision. As part of that term of supervised release, the Court ordered Thompson to participate in a program of testing and treatment for drug abuse under guidance of the United States Probation Office. The evidence would establish that Mr. Thompson was ordered to submit

a specimen for urinalysis on August 28, 2018, as part of a program for treatment of drug abuse. Defendant failed to submit that specimen as directed.

Defendant, Kocatatie Thompson, offered a plea of true to the allegations. Specifically, he agreed with the evidence summarized above and pled true to the allegation that he failed to submit a specimen for testing as directed in violation of his supervision conditions.

### D.  Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release.  *See* 18 U.S.C. § 3583(e)(3).  The Court factually finds by a preponderance of the evidence that the defendant violated a special condition of his supervised release by failing to submit a urine specimen for testing as part of a treatment program as directed.  This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.3(a)(1).  Upon finding a Grade C violation, the Court may revoke the defendant's supervised release.  *See* U.S.S.G. § 7B1.3(a)(2).

Based upon the Defendant's criminal history category of I and the Grade C violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from 3 to 9 months. *See* U.S.S.G. § 7B1.4(a).  Because the original offenses of conviction were Class A felonies, the statutory maximum imprisonment term upon revocation is one five (5) years on each count, to run consecutively or concurrently.  *See* 18 U.S.C. § 3583(e)(3).  However, because the Court previously revoked Mr. Thompson's supervision and sentenced him to a five (5) month term of imprisonment on that revocation, the maximum sentence is capped at 55 months on each count.

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be

4

ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4, and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment. In this case, according to information submitted by the Probation Office, Mr. Thompson failed to complete 117 days of court-ordered community confinement time when he was unsuccessfully discharged from the Leidel Comprehensive Sanction Center in Houston, Texas.

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that he violated his supervision conditions. Mr. Thompson pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

5

Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge recommends that the District Court order Defendant, Kocatatie Thompson, to serve a term of **four (4) months imprisonment** for the revocation. The four (4) month term includes 117 days of unserved residential reentry center time pursuant to the parties' agreement. The Court further recommends that Mr. Thompson receive credit for any time due since he was first arrested and taken in custody on this revocation proceeding.

### OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 2nd day of March, 2021.**

6

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE